1  **LAW OFFICES OF SANFORD M. PASSMAN**
   Sanford M. Passman, Esq., SBN 77701
2  6303 Wilshire Boulevard, Suite 207
   Los Angeles, CA 90048
3  (323) 852-1883 phone; (323) 852-1899 fax
   sandy@sandypassman.com
4

5  Attorney for Elaine Gregorius

6

7

8                     UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 ELAINE GREGORIUS,                 **SACV13-1412** CJC (RNBx)
                                     CASE NO.:
12              Plaintiff,           COMPLAINT FOR:

13 vs.                               1.   Violation of Commodity Exchange Act of
                                          1936 (7 U.S.C. 1, et seq.);
14 ESSEX FUTURES, an entity the form of    2.   Violation of Commodity Futures Trading
   which is unknown; GHOLAMREZA           Commission Act of 1974, Title 17, Chapter 1
15 SHIRAZI aka REZA SHIRAZI, an           CFR;
   individual; MICHAEL HANSON, an    3.   Breach of Contract;
16 individual; and DOES 1 through 10, 4.   Breach of Fiduciary Duty;
   inclusive,                        5.   Negligent Supervision;
17                                   6.   Intentional Misrepresentation;
                Defendants.          7.   Negligent Misrepresentation;
18                                   8.   Fraud;
                                     9.   Financial Elder Abuse (Welfare and
19                                        Institutions Code §15600, et seq. and Calif.
                                          Civil Code §3345);
20                                   10.  Declaratory Relief;
                                     11   Accounting;
21                                   12.  Involuntary Trust Pursuant to Calif. Civil
                                          Code §2224
22
                                     ( JURY  DEMANDED )
23                      JURISDICTION AND VENUE

24      1.     The United States District Court for the Central District of California has jurisdiction

25 over this action as a result of the Defendants' violations of the Commodity Exchange Act of 1936,

26 codified at 7 U.S.C. 1, et seq., the Commodity Futures Trading Commission Act of 1974, at Title 17,

27                                     1

28 ─────────────────────────────────────────────
                        COMPLAINT FOR DAMAGES

1    Chapter 1 Code of Federal Regulations and violations of the Dodd-Frank Wall Street Reform and

2    Consumer Protection Act of 2010 at 7 U.S.C. §12, et seq., and the amount in controversy exceeds the

3    sum of $75,000.00, exclusive of interest and costs.

4         2.    Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(a),

5    in that a substantial part of the events and/or omissions giving rise to the claims at issue occurred in

6    this judicial district.

7                                    IDENTITY OF THE PARTIES

8         3.    Plaintiff Elaine Gregorius (hereinafter "Plaintiff" and/or "Elaine") is an individual

9    who resides in the County of Orange, State of California.

10        4.    Defendant Essex Futures (hereinafter "Essex") is a business entity, the form of which

11   is unknown to Plaintiff, and Plaintiff is informed and believes that the Defendant's principal place of

12   business is located in the County of Orange, State of California.

13        5.    Defendant Gholamreza Shirazi (hereinafter "Reza") was at all operative times

14   employed by Defendant Essex and Plaintiff is informed and believes that Reza resides in the County

15   of Orange, State of California.

16        6.    Defendant Michael Hanson (hereinafter "Hanson") is an individual who Plaintiff is

17   informed and believes resides in the County of Orange, State of California.

18        7.    The true names and capacities of defendants identified as Does 1 through 10 are

19   currently unknown to Plaintiff who, therefore, sues such defendants by these fictitious names.  When

20   the true names and capacities of Does 1 through 10 are ascertained, Plaintiff will amend this

21   Complaint to assert their true names and capacities.  Plaintiff is informed and believes and based

22   thereon alleges that each fictitiously named defendant is responsible in some manner for the

23   occurrences herein alleged and that Plaintiff's damages, as herein alleged, were proximately caused

24   by each such defendant.

25        8.    Plaintiff is informed and believes and, on that basis, alleges that, at all times herein

26   mentioned, all defendants herein, whether named or fictitiously designated (hereinafter collectively

27                                            2

28   _____
                                COMPLAINT FOR DAMAGES

1    referred to as "Defendants"), were the agents, servants, employees, joint venturers, and/or the alter

2    egos of the remaining Defendants, and the acts of each Defendant were within the course and scope

3    of their agency, service, employment, and with permission, consent and ratification of each other

4    Defendant.

5        9.    Plaintiff is informed and believes and on that basis alleges that, at all times herein

6    mentioned, all Defendants herein, whether named or fictitiously designated, conspired with each

7    other to commit the acts complained of herein, said acts causing the damages to Plaintiff as alleged

8    herein.

9        10.    Plaintiff is informed and believes and on that basis alleges that the acts of each

10    business entity, whether named or fictitiously designated, committed the acts complained of herein

11    with the authorization, consent, and/or ratification of its officers, directors, managers, partners,

12    members and/or shareholders of said entity.

13        11.    Plaintiff is informed and believes and on that basis alleges that at all times relevant

14    hereto, the Defendants and each of them, whether named or fictitiously designated, conducted their

15    business within the State of California, generated significant revenues from their presence within the

16    State of California and committed a substantial part of the acts complained of herein in the Central

17    District of California.

18                    <u>BACKGROUND FACTS</u>

19                    <u>ELAINE GREGORIUS</u>

20        12.    Plaintiff Elaine was at all relevant times a woman, approximately 74 years of age

21    who, during the commission of all of the acts alleged herein, suffered from a medical condition

22    identified as Hydrocephalus, commonly referred to as "water on the brain".

23                    <u>ESSEX FUTURES</u>

24        13.    Defendant Essex holds itself out as being an experienced Orange County, California

25    futures brokerage firm with 21 years of experience offering top rated, professionally managed futures

26    accounts. Defendant Essex further represents that its brokers can place orders directly to the

27                          3

28                    COMPLAINT FOR DAMAGES

1    exchange floor pits in Chicago and New York without the use of a "middle man" and without delay.

2    ## GHOLAMREZA SHIRAZI

3    14.    Reza was, at all operative times, employed by Essex and was the licensed broker who

4    managed Plaintiff's account with Defendant Essex.  At all relevant times, Reza communicated with

5    Plaintiff, either in person, by telephone, correspondence and/or other forms of electronic

6    communication including but not limited to email.

7    ## MICHAEL HANSON

8    15.    Hanson was a used car salesman at the time of meeting Plaintiff Elaine and her

9    daughter Elizabeth Gregorius (hereinafter "Elizabeth").  Hanson was responsible for selling a used

10   motor vehicle to Elizabeth which is further discussed below and was the individual who introduced

11   Elaine to Reza and Essex and was complicit in all of the acts alleged herein.

12   ## STATEMENT OF THE CASE

13   16.    In or about February of 2010, Plaintiff Elaine and her daughter Elizabeth became

14   acquainted with Hanson who, at that time was employed as a used car salesman at an auto dealership

15   entitled Chevrolet of Irvine.  Hanson in fact sold a used motor vehicle to Elaine for her daughter,

16   who had recently moved to California from the State of Florida.

17   17.    Almost immediately thereafter, Hanson initiated a personal relationship with

18   Elizabeth and methodically began to involve himself in the financial affairs of Elaine Gregorius.

19   Hanson quickly ascertained that the Plaintiff was suffering from the medical condition identified

20   above as Hydrocephalus, and used his knowledge of that condition, coupled with the Plaintiff's total

21   lack of experience in financial matters as was Plaintiff's daughter Elizabeth, to tender financial

22   advice and recommendations to Plaintiff.  During that period of time, Plaintiff maintained a

23   brokerage account with a reputable brokerage company located in the City of Chicago, identified as

24   Mesirow Financial, which had a balance as of May, 2011, of approximately $1,000,000.00 (the

25   "Mesirow account").

26   18.    Hanson would frequently visit Elizabeth at the home of her mother, a widower and,

27                                        4

28   ─────────────────────────────────────────────
                        COMPLAINT FOR DAMAGES

1   after a period of time, was essentially residing with the Plaintiff and her daughter, notwithstanding

2   the fact that he owned a home in Orange County.  As a result of the close relationship with both the

3   Plaintiff and her daughter, Hanson acquired information regarding the Mesirow account and began to

4   lobby the Plaintiff to close the Mesirow account and allow him to essentially handle her financial

5   affairs.

6        19.    The Plaintiff, due to her medical condition, was not functionally capable of

7   understanding the ministrations of Hanson, who had insinuated himself into the family in such a

8   fashion as to give the illusion of trustworthiness.

9        20.    Plaintiff, having been seduced by Hanson's statements that he, and he alone, could

10  best increase her investment portfolio, did in fact close the Mesirow account, which funds were

11  transferred to an entity identified as Millennium Trust Company, an IRA administrator, located in

12  Oak Brook, Illinois.

13       21.    Once Hanson had successfully convinced Elaine to close the Mesirow account, he

14  then began to militate that she allow him to introduce her to a brokerage company, the Defendant

15  Essex, and specifically a broker who was employed there, identified as Defendant Reza.

16       22.    Hanson, having access to the financial portfolio of Plaintiff, convinced her that, given

17  the fact that he himself had a commodities account with Essex, her financial interests would best be

18  served by opening an account with the same brokerage company and to begin trading in commodities

19  and futures.  Neither Plaintiff Elaine nor her daughter Elizabeth had any education in, or experience

20  with, commodities and/or futures in any form, shape or fashion.

21       23.    As a result of Hanson's persistent instructions to Elaine that it was necessary to

22  immediately commence a relationship with Essex, she allowed Hanson to introduce her to Defendant

23  Reza at the offices of Essex.

24       24.    Shortly thereafter, Plaintiff in the company of her daughter Elizabeth, and Hanson met

25  with Reza at the offices of Essex at which time it was suggested by both Hanson and Reza that, due

26  to Elaine's medical condition, she should initiate a trading account with Essex and authorize Hanson

27                                          5

28  _____
                         COMPLAINT FOR DAMAGES

1  to essentially handle the administration of said account, including but not limited to placing orders to

2  purchase and sell certain commodities and/or futures.

3       25.    At no time was the Plaintiff given an Essex customer contract, Essex Managed

4  Account Agreement, Essex Managed Account Authorization, Essex Standard Risk Disclosure, Essex

5  Fee Schedule, Essex Fee Authorization, or any other documentation containing the imprimatur of

6  Essex.  Furthermore, at the initial meeting wherein Elaine's account was activated, Reza made

7  representations consistent with the representations stated by Essex on the Essex Future's website.

8       26.    It is common knowledge within the investment community that the trading of

9  commodities and/or futures is a high risk activity, best left to experienced investors, none of which

10 was communicated to Elaine by either Reza, Hanson or any other representative of Essex.  The lack

11 of knowledge in dealing with commodities and/or futures by both Plaintiff and her daughter was

12 communicated to both Reza and Hanson who, nonetheless, encouraged Plaintiff to commence

13 actively trading in the area.

14      27.    Subsequent to the initiation of the investment account, the Plaintiff underwent

15 invasive brain surgery to mitigate the aforementioned medical condition she had been suffering from,

16 which condition greatly diminished her ability to comprehend the vagaries of day to day living, let

17 alone the intricacies of trading in commodities and/or futures.  With that said, and having been

18 advised by the trusted Defendants, Hanson and Reza stated that they would oversee Plaintiff's

19 brokerage account, at all times exercising the requisite perspicacity they stated to Plaintiff that they

20 possessed, Plaintiff opened the account.

21      28.    During the year 2012, Plaintiff suffered trading losses in an amount believed to be in

22 excess of $520,000.00.  A review of trading statements for that period of time reflects that the

23 Plaintiff's account was, in the vernacular of the brokerage industry, "churned and burned",

24 generating substantial commissions to Essex and Reza.  Furthermore, Plaintiff is informed and

25 believes that Essex and Reza compensated Hanson, in violation of the Commodity Exchange Act

26 and relevant sections of the Commodity Futures Trading Commission Regulations, from fees

27                                        6

28 ─────────────────────────────────────────────
                        COMPLAINT FOR DAMAGES

1  generated from the unlawful manipulation of Plaintiff's brokerage account.

2      29.   During the pendency of Plaintiff's account with Essex, Hanson clandestinely

3  approached Plaintiff and fraudulently induced her to "loan" him the sum of $100,000.00. Hanson

4  misrepresented to Plaintiff that he was seeking to borrow said sum for investment purposes. Plaintiff

5  is informed and believes that in truth and fact, Hanson had suffered trading losses to his own

6  commodities account at Essex and was unable to cover said losses necessitating the loan scheme

7  perpetrated upon Plaintiff by Hanson. Attendant to said loan, Hanson is presently indebted to

8  Plaintiff in the amount of $70,000.00, having repaid $30,000.00 of the loan and is now seeking the

9  protection of the United States Bankruptcy Court to discharge the remaining balance which was

10  fraudulently obtained by Hanson from Plaintiff.

11      30.   In or about December of 2012, Plaintiff was contacted by a representative of

12  Millennium, the IRA administrator, who advised her that she should take a very close look at the

13  remaining balance in her Essex account, given the fact that the approximate $800,000.00 initially

14  invested had been diminished to a remaining balance of approximately $129,000.00.

15      31.   Plaintiff having a restored sense of capacity subsequent to the invasive surgery for the

16  pre-existing medical condition, did heed the advice of Millennium, quickly ascertaining the truth of

17  the representation made by said Millennium employee, and immediately closed out the Essex

18  account, withdrawing the remaining balance of approximately $129,000.00.

19      32.   As of the date of this Complaint, Plaintiff has suffered trading losses due to the

20  unlawful and unethical practices of Essex, Reza, Hanson and Does 1 through 10, in the amount of

21  approximately $520,000.00.

<u>COUNT ONE</u>

<u>Violation of Commodity Exchange Act</u>

(7 U.S.C. 1, et seq.)

(As against all Defendants)

26      33.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 as

27                                       7

28  ────────────────────────────────────────────
COMPLAINT FOR DAMAGES

1   though fully set forth herein.

2       34.    Defendants and each of them violated the Act by failing to provide to Plaintiff an

3   Essex Managed Account Agreement, Essex Managed Account Authorization, Essex Standard Risk

4   Disclosure, Essex Fee Schedule, Essex Fee Authorization, or any other documentation containing the

5   imprimatur of Essex.  Furthermore, Defendants misrepresented material facts concerning

6   commodities and futures trading, upon which Plaintiff relied, to her financial detriment.

7   Additionally, Defendants failed to comply with all the requirements of the Commodity Exchange Act

8   and further amendments made pursuant to the Dodd-Frank Wall Street Reform and Consumer

9   Protection Act (7 U.S.C. §12, et seq.).  Plaintiff has been damaged in an amount to be proven at trial,

10  but which Plaintiff is informed and believes is in excess of $500,000.00.

11                              COUNT TWO

12  Violation of Commodity Futures Trading Commission Act of 1974, Title 17, Chapter 1 CFR

13      35.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32

14  and 34 as though fully set forth herein.

15      36.    The Commodity Futures Trading Commission (hereinafter the "CFTC") regulates

16  enforcement of the requirements of the Commodity Exchange Act and amendments thereto, and are

17  charged with the responsibility to regulate the activities of licensed brokers such as the Defendant

18  Essex.  As a result of Defendant's failure to comply with said regulations, Plaintiff has been

19  damaged in an amount to be proven at trial, but is believed to be in excess of $500,000.00.

20                              COUNT THREE

21                              Breach of Contract

22                  (As against Defendants Essex and Reza)

23      37.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32, 34

24  and 36 as though fully set forth herein.

25      38.    Defendants Essex and Reza at all relevant times herein breached the oral agreement

26  between the respective parties by failing to comply with the mandates of the Commodity Exchange

27                                  8

28  ─────────────────────────────────────────────
                    COMPLAINT FOR DAMAGES

1   Act; the CFTC and relevant sections of the Dodd-Frank Wall Street Reform and Consumer

2   Protection Act of 2010 (hereinafter the "Dodd-Frank Act"), all to the detriment of Plaintiff Elaine.

3   Defendants' excessive trading of the account, generating significant fees to Defendants, coupled with

4   other unlawful conduct articulated below, also breached the agreement between the respective

5   parties.  At all relevant times herein, Plaintiff complied with her obligations pursuant to the oral

6   agreement.

7          39.     Plaintiff has been damaged by Defendants' breaches of contract in an amount to be

8   proven at trial, but which Plaintiff is informed and believes is in excess of $500,000.00 which

9   exceeds the jurisdictional minimum of this Court.

10                                     COUNT FOUR

11                                 Breach of Fiduciary Duty

12                               (As against all Defendants)

13         40.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32,

14  34, 36, and 38 through 39 as though fully set forth herein.

15         41.     Defendants Essex and Reza formed a special relationship with Plaintiff by inducing

16  her to enter into a brokerage agreement for the trading of commodities and/or futures.  Said

17  brokerage agreement, pursuant to the aforesaid Commodity Exchange Act and the CFTC regulations

18  imposes a fiduciary duty upon Essex and Reza arising from that "special relationship".

19         42.     Defendants breached their fiduciary duty by the acts and omissions set forth above,

20  including but not limited to misrepresentations of fact with the intention of fraudulently inducing

21  Plaintiff to enter into said brokerage agreement upon which Plaintiff justifiably relied to her financial

22  detriment, as stated in the following counts.

23         43.     Defendant Hanson formed a special relationship with Plaintiff by accepting the

24  responsibility to instruct Defendants Essex and Reza to execute trades on Plaintiff's brokerage

25  account which authorization was received as a result of intentional misrepresentations of fact by

26  Hanson and omissions to represent the relationship between Hanson and Essex and Reza in terms of

27                                             9

28  ─────────────────────────────────────────────────────────
                           COMPLAINT FOR DAMAGES

1    "fee splitting", which misrepresentations were justifiably relied upon by Plaintiff to her financial

2    detriment.

3         44.    As a result of said breach of fiduciary duty, Plaintiff has been damaged in an amount

4    to be proven at trial but which Plaintiff believes is in excess of $500,000.00

5                                    COUNT FIVE

6                                Negligent Supervision

7                                 (As against Essex)

8         45.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32,

9    34, 36, 38 through 39 and 41 through 44 as though fully set forth herein.

10        46.    Plaintiff alleges that at all relevant times, Defendant Essex failed to supervise the

11   conduct of its employee Reza, so as to guarantee that Reza complied with the requirements of the

12   Commodities Exchange Act and the regulations of the CFTC and amendments thereto including, but

13   not limited to, amendments pursuant to the Dodd-Frank Act. In failing to supervise their employee,

14   either intentionally or negligently, Defendant Reza was permitted to act in a fashion antithetical to

15   the Plaintiff's best interest, all to Plaintiff's financial detriment.

16        47.    As a result of said failure to supervise, Plaintiff has been damaged by Defendant's

17   conduct in amount to be proven at trial, but which is believed to be an amount in excess of

18   $500,000.00, which amount exceeds the jurisdictional minimum of this Court.

19                                   COUNT SIX

20                    Intentional Misrepresentation (Fraud and Deceit)

21                             (As against all Defendants)

22        48.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32,

23   34, 36, 38 through 39, 41 through 44 and 46 through 47 as though fully set forth herein.

24        49.    Defendants knowingly made false representations of fact individually and

25   collectively, knowing said representations were false, and concealed or failed to disclose relevant

26   facts, whether stated directly or indirectly, or by conduct, about present and/or future facts, with the

27                                       10

28   _____
                          COMPLAINT FOR DAMAGES

intention to induce the Plaintiff to act in reliance thereon, which in fact Plaintiff did, which reliance was justifiable. Plaintiff, lacking any experience of any kind in commodities and/or futures trading, justifiably relied on the representations of all of the Defendants, which representations were material and which representations and conduct by Defendants was causally related to damages suffered by Plaintiff. In fact, Plaintiff suffered damages proximately caused by Defendants' tortious conduct in amount to be proven at trial, but which is believed to be an amount in excess of $500,000.00, which amount exceeds the jurisdictional minimum of this Court.

### COUNT SEVEN

#### Negligent Misrepresentation

##### (As against all Defendants)

50. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32, 34, 36, 38 through 39, 41 through 44, 46 through 47 and 49 as though fully set forth herein.

51. Defendants and each of them made misrepresentations of fact, lacking the reasonable grounds to make said misrepresentations, with the intent to induce reliance thereon, which in fact Plaintiff did and entered into the brokerage agreement with Essex and in so doing, Defendants breached their duty to Plaintiff and were the proximate cause of the harm visited upon Plaintiff, defined as trading losses believed to be in excess of $500,000.00 which sum exceeds the jurisdictional limit of this Court.

### COUNT EIGHT

#### Fraud

##### (As to Defendant Hanson)

52. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32, 34, 36, 38 through 39, 41 through 44, 46 through 47, 49 and 51 as though fully set forth herein.

53. Defendant Hanson fraudulently induced Plaintiff to enter into the Essex brokerage agreement by "guaranteeing" that he had the requisite expertise to enhance and increase Plaintiff's capital investment in said account. In truth and fact, Defendant had no expertise of any kind with

11

COMPLAINT FOR DAMAGES

respect to commodities and futures trading, was not a licensed broker, held no degree in finance, lacked knowledge of the requisite requirements pursuant to the Federal Statutes regarding commodities and futures transactions and, failed to disclose financial remuneration he would be receiving from Defendants Essex and/or Reza. All representations made by Hanson were designed to induce Plaintiff to act in reliance thereon, which in fact Plaintiff did to her financial detriment. Furthermore, Hanson fraudulently induced Plaintiff to "loan" him a sum of money in the amount of $100,000.00 by making fraudulent representations to Plaintiff during the period of time when Plaintiff lacked the mental capacity to comprehend the veracity of said statements due to her ongoing medical condition referred to above, of which Hanson was fully aware, which fraud resulted in Plaintiff advancing the sum of $100,000.00, $70,000.00 of which remains unpaid.

54.  Plaintiff justifiably relied on the fraudulent representations made by Hanson, given her medical condition, which proximately caused damage to plaintiff in amount to be proven at trial, but which is believed to be an amount in excess of $500,000.00, which amount exceeds the jurisdictional minimum of this Court.

COUNT NINE

(Elder Abuse Pursuant to Welfare and Institutions

Code §15600, et seq. and Calif. Civil Code §3345)

(As to all Defendants)

55.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32, 34, 36, 38 through 39, 41 through 44, 46 through 47, 49, 51, 53 and 54 as though fully set forth herein.

56.  At all relevant times herein, Plaintiff was an individual in her mid 70's who suffered from a medical condition identified above as Hydrocephalus, commonly referred to as water on the brain. The medical condition of Plaintiff was known to Defendants and each of them. Notwithstanding the foregoing, Defendants and each of them acted in concert in devising an investment scheme with the intention of depriving Plaintiff of her personal financial resources in

12

COMPLAINT FOR DAMAGES

1  violation of the California Elder and Dependant Adult Civil Protection Act, California Welfare and

2  Institutions Code §15600, et seq.  In inducing Plaintiff to enter into the aforementioned investment

3  scheme, knowing Plaintiff's lack of experience in such investments, and knowing Plaintiff's lack of

4  capacity, Defendants nonetheless executed said investment scheme, injuring Plaintiff in a sum

5  believed to be in excess of $500,000.00.  Defendants commission of elder abuse upon Plaintiff was

6  committed recklessly, oppressively, fraudulently and maliciously, all to the financial advantage of

7  Defendants and the financial detriment of Plaintiff.  Said sum exceeds the jurisdictional minimum of

8  this Court.

9                                   COUNT TEN

10                              (Declaratory Relief)

11                         (As to Defendants Essex and Reza)

12       57.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32,

13  34, 36, 38 through 39, 41 through 44, 46 through 47, 49, 51, 53, 54 and 56 as though fully set forth

14  herein.

15       58.     An actual controversy exists between the parties herein within the meaning of Federal

16  Rules of Civil Procedure §57.  In the event that this Court finds the absence of an oral agreement

17  between the respective parties, the Plaintiff asks this Court to issue a declaratory judgment

18  concerning the respective rights and duties of Plaintiff and Defendants as it applies to that certain

19  brokerage agreement between Defendants Essex, Reza and Plaintiff.

20       59.     It is further necessary and proper that this Court adjudicate and declare that the

21  Defendants Essex and Reza acted in violation of the requirements and regulations of the

22  Commodities Enforcement Act, CFTC and Dodd-Frank amendments thereto and in so doing, injured

23  Plaintiff in amount to be proven at trial, but which is believed to be an amount in excess of

24  $500,000.00, which amount exceeds the jurisdictional minimum of this Court.

25  ///

26  ///

27                                        13

28  ─────────────────────────────────────────────────
                          COMPLAINT FOR DAMAGES

COUNT ELEVEN

(Accounting)

(As to Defendants Essex and Reza)

60.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32, 34, 36, 38 through 39, 41 through 44, 46 through 47, 49, 51, 53, 54, 56, 58 and 59 as though fully set forth herein.

61.     Plaintiff alleges that as a result of the various acts and omissions as herein alleged, Plaintiff is entitled to an accounting of all money received on behalf of Plaintiff, defined as Plaintiff's initial investment believed to be in excess of $800,000.00, as well as an accounting of all fees to Essex and Reza and/or third parties including but not limited to Hanson.

COUNT TWELVE

(Involuntary Trust Pursuant to Calif. Civil Code §2224)

(As to all Defendants)

62.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32, 34, 36, 38 through 39, 41 through 44, 46 through 47, 49, 51, 53, 54, 56, 58, 59 and 61 as though fully set forth herein.

63.     Defendants and each of them have gained revenues and profits by fraud, undue influence, breach of fiduciary duty, by violation of the Commodity Enforcement Act, CFTC Regulations and Dodd-Frank amendments thereto, and other wrongful acts as identified and alleged herein, all in derogation of the rights of Plaintiff and in violation of California Civil Code §2224.

64.     All revenues and fees received by Defendants and each of them resulting from the acts and omissions alleged herein, rightfully belonging to Plaintiff and therefore Defendants, and each of them, are involuntary trustees for the benefit of Plaintiff of all said funds.

65.     Plaintiff seeks an order disgorging and remitting to Plaintiff all benefits, revenues and/or fees obtained by Defendants as a result of their unlawful and wrongful acts as alleged herein.

///

14

COMPLAINT FOR DAMAGES

1    PRAYER FOR RELIEF

2    WHEREFORE, Plaintiff prays for judgment against Defendants jointly and severally as follows:

3    COUNT ONE:

4        1.    For general damages in an amount to be determined at trial;

5        2.    For punitive damages in an amount to be determined at trial.

6    COUNT TWO:

7        1.    For general damages in an amount to be determined at trial;

8        2.    For punitive damages in an amount to be determined at trial.

9    COUNT THREE:

10       1.    For general damages in an amount to be determined at trial

11   COUNT FOUR:

12       1.    For general damages in an amount to be determined at trial;

13       2.    For punitive damages in an amount to be determined at trial.

14   COUNT FIVE:

15       1.    For general damages in an amount to be determined at trial;

16       2.    For special damages in an amount to be determined at trial.

17   COUNT SIX

18       1.    For general damages in an amount to be determined at trial;

19       2.    For punitive damages in an amount to be determined at trial.

20   COUNT SEVEN:

21       1.    For general damages in an amount to be determined at trial;

22       2.    For special damages in an amount to be determined at trial.

23   COUNT EIGHT:

24       1.    For general damages in an amount to be determined at trial;

25       2.    For punitive damages in an amount to be determined at trial.

26   ///

27                                    15

28   COMPLAINT FOR DAMAGES

COUNT NINE:

1.  For general damages pursuant to Welfare and Institutions Code 15600, et seq., and California Civil Code §3345;

2.  For punitive damages in an amount to be determined at trial.

COUNT TEN:

1.  That the Court find and declare that the brokerage agreement between Defendants and Plaintiff is null and void and that Defendants pay to Plaintiff the sum of $523,000.00.

COUNT ELEVEN:

1.  That Defendants, and each of them, be required to provide a complete and accurate accounting reflecting all monies deposited by Plaintiff into said brokerage account; all fees generated by said brokerage account to said Defendants; and any other disbursements made from said brokerage account prior to the termination thereof.

COUNT TWELVE:

1.  That Defendants, and each of them, be adjudged involuntary trustees for the benefit of Plaintiff, of any and all monies deposited into said brokerage account and disbursed therefrom, for the benefit of Plaintiff;

FOR ALL COUNTS:

1.  For pre-judgment interest;

2.  Treble damages where applicable;

3.  Costs of suit herein incurred;

4.  Attorneys fees where applicable; and

5.  For such other and further relief as this Court deems just and proper.

LAW OFFICES OF SANFORD M. PASSMAN

DATED:  September 5, 2013  By: _____

Sanford M. Passman, Attorney for Plaintiff Elaine Gregorius

16

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Cormac J. Carney _____ and the assigned Magistrate Judge is _____ Robert N. Block _____ .

The case number on all documents filed with the Court should read as follows:

## SACV13-1412 CJC RNBx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 11, 2013
_____
Date

By  J.Prado _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

Name & Address:
Sanford M. Passman, SBN 77701
Law Offices of Sanford M. Passman
6303 Wilshire Blvd., Suite 207
Los Angeles, CA 90048
(323) 852-1883

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ELAINE GREGORIUS,

PLAINTIFF(S)

CASE NUMBER

**CV13-1412** CJC (RNBx)

v.

ESSEX FUTURES, an entity the form of which is
unknown; GHOLAMREZA SHIRAZI aka REZA
SHIRAZI, an individual; (continued on attachment)

DEFENDANT(S).

**SUMMONS**

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer
or motion must be served on the plaintiff's attorney, _Sanford M. Passman_ , whose address is
_6303 Wilshire Blvd., Suite 207, Los Angeles, CA 90048_ . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint. You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ SEP 1 1 2013 _____

By: _____

**JULIE PRADO**

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                    **SUMMONS**

1                           CONTINUATION OF DEFENDANTS

2   MICHAEL HANSON, an individual; and DOES 1 through 10, inclusive.

28                          ATTACHMENT TO SUMMONS

Fax sent by : 213 202 3996    ALL IN ONE LEGAL SUP    09-12-13 01:32p    Pg: 1/4

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Elaine Gregorius | Essex Futures, an entity the form of which is unknown; Gholamreza Shirazi aka Reza Shirazi, an individual; Michael Hanson, an individual; and Does 1 through 10, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Sanford M. Passman, Esq., #77701 (323) 852-1883 Law Offices of Sanford M. Passman 6303 Wilshire Blvd., Suite 207 Los Angeles, CA 90048 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** excess of $500,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.) Violation of Commodity Exchange Act of 1936 (7 U.S.C. 1, et seq.) and Violation of Commodity Futures Trading Commission Act of 1974, Title 17, Chapter 1 CFR; Fraud; Breach of Fiduciary Duty

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☒ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **SACV13-1412**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNIT   STATES DISTRICT COURT, CENTRAL D   RICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: September 10, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |